935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Aaron ANDREWS, Petitioner-Appellant,
v.
Richard CLARK and Indiana Attorney General, Respondents-Appellees.
 No. 90-3012.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 29, 1991.*
Decided June 12, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Aaron Andrews appeals the district court's denial of his habeas corpus petition brought pursuant to 28 U.S.C. Sec. 2254. After a two-phase jury trial, an Indiana state court convicted Andrews of armed robbery and of violating the Indiana habitual offender statute. The court sentenced Andrews to a prison term of 20 years on the armed robbery conviction and enhanced the sentence with an additional 30 years of imprisonment under the habitual offender provision. On appeal, Andrews challenges four evidentiary rulings made by the Indiana state trial court.
 
 
 2
 Andrews asserts that these evidentiary rulings violated his right to due process of law and denied him a fair trial. "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Stomner v. Kolb, 903 F.2d 1123, 1128 (7th Cir.1990), cert. denied --- U.S. ----, 111 S.Ct. 305 (1990), (quoting Smith v. Phillips, 455 U.S. 209, 221, 102 S.Ct. 940, 948 (1982)). "Thus, state court evidentiary rulings, because they are a matter of state law, will rarely serve as a proper basis for granting a writ for habeas corpus." Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990).
 
 A. Admission of Demonstrative Evidence
 
 3
 Andrews' first contention is that the trial court erred by allowing the state to introduce a picture of a handgun. He claims that the gun was not connected to him and, therefore, was inadmissible. The state asserts that it only introduced the gun to demonstrate the type of gun a witness had seen Andrews carrying. The Indiana Supreme Court held that the state laid a proper foundation because one witness testified "that she had a pretty good look at the gun the robber used and that State's Exhibit No. 1 looked like the gun used ..." Andrews v. State, 532 N.E.2d 1159, 1163 (Ind.1989).
 
 
 4
 Andrews claims that there was no evidence that a gun was found in his possession following his arrest. Therefore, the introduction of this evidence impermissibly allowed the state to prove that he was armed, an essential element of the crime. Andrews ignores the fact that one key witness testified that he had a gun. This was sufficient to prove that Andrews was armed during the commission of the crime. The admission of this picture only illustrated the type of gun the witness saw him carry. We find no constitutional error arising from the admission of this evidence.
 
 B. Identification Testimony
 
 5
 A camera hidden at the bank photographed the assailant. The prosecution asked FBI Special Agent Weldon Burt if he recognized the person depicted in the photograph. Agent Burt identified Andrews as the one in the picture, noting that he had seen Andrews on prior occasions. Andrews argues that this testimony improperly allowed the jury to infer that he had a prior criminal history even though the trial judge granted his motion in limine to keep such evidence from the jury. Again, the Indiana Supreme Court upheld the admission of this evidence. Even if the petitioner was correct that this evidence was inadmissible, he would not be entitled to habeas relief because he has not demonstrated that admission of this evidence deprived him of a fundamentally fair trial. This court has held that "[t]he introduction of improper evidence of other crimes will not support a grant of the petitioner's writ of habeas corpus." Stomner, 903 F.2d at 1129 (citing United States ex rel. Searcy v. Greer, 768 F.2d 906, 910 (7th Cir.1985), cert. denied, 474 U.S. 996 (1985)).
 
 C. Refusal to Allow Jury to See Exhibits
 
 6
 Within the first fifteen minutes of the deliberations, the jury made two requests to review the photographic exhibits. Several of these photographs showed the assailant during the robbery. Identification was an issue in this trial. Andrews favored allowing the jurors to view all the exhibits, and the state opposed this request. The judge denied the request finding that the request came too early in the deliberations; therefore, he feared that undue weight would be given to certain evidence. The Indiana Supreme Court agreed, noting that trial courts are given the discretion to rule on such a request. The Indiana Supreme Court held that Andrews had failed to demonstrate that the trial court abused its discretion. This court has similarly held that such decisions are within the trial court's discretion and do not constitute a denial of due process. See Cramer v. Fahner, 683 F.2d 1376, 1386-87 (7th Cir.1982), cert. denied, 459 U.S. 1016 (1982).
 
 D. Admission of Prior Convictions
 
 7
 In the second phase of the trial, the jury found Andrews guilty of violating the Indiana habitual offender statute. Andrews claims that the district court erred in admitting records of his prior convictions because the two documents certifying the authenticity of the criminal records had been visibly altered. Petitioner Andrews could not have been convicted as a habitual offender without the admission of these documents.
 
 
 8
 Andrews objected to the admission of the criminal records based on their questionable authenticity. The certification pages, which verify that the copies of Andrews' conviction records were full, true and correct copies of the originals, were visibly altered. A review of this evidence shows what may have been another name and prisoner number on these certification sheets. The previously typed information was "whited out," and Andrews' name and prisoner number were substituted. There is no indication in the record of when, where, or why these alterations were made. Andrews argues that the alterations are material because the "whited out" portion is the only place where his name appears on both certificates. He thus claims that the certification documents are invalid and that there is no assurance that the attached copies of the convictions are accurate.
 
 
 9
 The Indiana Supreme Court disagreed. The court held:
 
 
 10
 Apparently the trial court concluded the alteration was made by Illinois officials certifying the records and was not made by the prosecution. The court was within its discretion in viewing the certification sheets as proper and in admitting the attached records.
 
 
 11
 Andrews v. State, 532 N.E.2d 1159, 1164 (Ind.1989). The Indiana trial court found that these documents were properly admitted into evidence. The Indiana Supreme court held that this determination was not clearly erroneous. "On a petition for writ of habeas corpus, a federal court will not review evidentiary questions unless 'there is a resultant denial of fundamental fairness or the denial of a specific constitutional right.' " Stomner, 903 F.2d at 1128 (quoting United States ex rel. DiGiacomo v. Franzen, 689 F.2d 515, 517 (7th Cir.1982)). We find no constitutional error arising from the admission of these documents.
 
 The decision of the district court is
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs